# EXHIBIT R

# INTERNAL AFFAIRS BUREAU
## INVESTIGATIVE FINDINGS
### CASE INFORMATION

DATE OF REPORT: 4/4/14  
DATE CLOSED: _____ In IA Pro  
GROUP ASSIGNED # 26  
GROUP CASE # 12-234  
CASE INVESTIGATOR: **Det Peter Pellegrino**  
CASE SUPERVISOR: **Lt. William Seeger**  
Date Received: **09/29/12**    Classification: **A3**    Case Disposition: **Unsubstantiated**  
**INTELLIGENCE REPORT PREPARED and ATTACHED**    Supervisor Initials

C # 12-0691  
Log # 12-51751 / 12-52002

## SUBJECTS

1 – Former Police Officer Sonya Glover, Tax #900057, <u>Retired</u> — **Allegation: A**
2 – Sergeant Matthew Starrantino, Tax #929211, 110th Precinct — **Allegations: B, C, D**
3 – Police Officer Joseph LaRosa, Tax #944104, 110th Precinct — **Allegations: B, C, D, E, F**
4 – Police Officer Brian Leguernic, Tax #943474, 110th Precinct — **Allegation: B**
5 – Police Officer David Russo, Tax #944960, 110th Precinct — **Allegation: B**
6 – Police Officer John DeNicola, Tax #947690, 110th Precinct — **Allegation: B**
7 – Police Officer Gregory Denk, Tax #948013, 110th Precinct — **Allegation: B**

## ALLEGATIONS:

A) FORMER MOS - MISCONDUCT  
B) MISSING PROPERTY- FROM PREMISE  
C) DRV- IMPROPER SEARCH  
D) DRV- OTHER DEPT RULES/PROCEDURES –(raid premise without warrant)  
E) DISPUTED ARREST  
F) ADDITIONAL INFO PRIOR LOG  

## SYNOPSIS OF LOG:

On September 29, 2012, Sergeant Matthew Starrantino, the 110th Precinct Conditions Sergeant, notified the Command Center that former MOS, Police Officer Sonia Glover, Tax# 900057, was arrested inside of the Onyx nightclub, located at 103-02 Corona Ave, NY, by Police Officer Joseph LaRosa, Tax# 944104, of the 110 Precinct Conditions Team for Promoting Gambling. On October 01, 2012, former Police Officer Sonia Glover, Tax# 900057, contacted the Command Center to report on September 28, 2012, she observed PO LaRosa, of the 110th Precinct, with his firearm drawn, stopping patrons prior to frisking them outside of her establishment, the Onyx nightclub. Ms. Glover stated that she confronted PO Larosa who used obscene language towards her and she stated that the following words were directed to her "Who the fuck do you think you are, and I will be back and there's going to be arrests". Ms. Glover stated that PO LaRosa along with Sgt Starrantino, returned to the Onyx lounge later that night and entered the establishment without a search warrant. Ms. Glover stated that the above MOS entered and inspected each room of the location. In addition, Ms. Glover stated that PO LaRosa and Sgt Starrantino also inspected rooms marked "Employee's only". Ms. Glover stated that her

1

patrons were each issued Criminal Court Summonses and she was arrested for "illegal gambling". Ms. Glover stated after being released from Queens Criminal Court, she returned to the Onyx and discovered that she was missing $5,700.00 USC from a cash box. Ms. Glover stated that she observed an unknown officer carrying a box that contained the missing currency. Ms. Glover stated that she was never provided with a Property Clerk Invoice.

## INVESTIGATIVE STEPS:

| | | |
|---|---|---|
| Subject (s) | Identified: Yes | W/S # 4 |
| Complainant (s) | Identified: No | |
| Witness (es) Other Civilian (s): | Identified: No | |
| Canvass: | No | |
| Location (s) w/ Intelligence Value: | No | |
| Records Obtained: | Yes | W/S # 7, 17, 21-24 |
| Observations (s) w/ Intel Value: | No | |
| Conferrals include Prosecutors/Advocates: | No | |
| Non-subject Officers interviewed: | No | |
| Subject Officer (s) interrogated: | No | |

## OVERVIEW:

Background inquiries were conducted on the PO LaRosa and Sgt Starrintino, revealing that each officer had 1- prior Missing Property allegation. The missing property case, which included both Subject Officers, pertained to a driver's license not being returned to the complainant and the investigation was closed as Unsubstantiated. A background of the complainant, Sonia Glover revealed that she was appointed to the New York City Police Department, as a police officer on April 30, 1991. She was assigned to various commands, including the 112 Precinct, PSA 3, the 94 Precinct and Fleet Services Division. An IAPro inquiry of Ms. Glover revealed 21 prior logs, including a civil lawsuit against New York City and the NYPD. Ms. Glover retired from this Department on May 01, 2011.

Ms. Glover was interviewed via phone and she reiterated that she is the owner of the Onyx nightclub. Ms. Glover stated that on September 29, 2012, police officers assigned to the 110th Precinct responded to her nightclub prior, informing her that a job was dispatched to the location because a male was observed smoking marijuana along with a noise complaint. Ms. Glover stated that Sgt Starrantino and at least four officers responded and entered her establishment. Ms. Glover stated that the officers requested the DJ to turn off the music, and then they searched her patrons and issued Criminal Court Summonses. Ms. Glover stated that the officers entered locked rooms without a search warrant and instructed her patrons to leave the lounge. Ms. Glover stated that the police had no right to enter the premise and after informing PO Larosa that he needed a search warrant to conduct an inspection of the locked doors, he told her to "Shut the Fuck Up."

Ms. Glover stated that while inside of the location, the officers entered a locked room which contained a cash box that secured the missing currency but she stated that she did not know which one of the officers removed the above currency. Ms. Glover stated that she was not provided with a receipt for her missing currency.

I conferred with ADA Francis, of the Queens County District Attorney's office – Corruption

CONFIDENTIAL　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEF 936

Bureau, regarding interviews she conducted with Sgt. Starrantino, PO Larosa, and Police Officer Brian Leguernic, Tax# 943474, of the 110th Precinct. ADA Francis stated that the officers reported that they responded to a radio run of a crowd condition at the Onyx nightclub, in which males were smoking marijuana outside of the nightclub. ADA Francis stated that the officers informed her that while inside of the location, they smelled a strong odor of marijuana and heard noises coming from the basement. ADA Francis stated that the Officers proceeded downstairs and observed illegal gambling taking place prompting them to make several arrests, which included the owner, Ms. Glover. ADA Francis stated that after interviewing the subject officers, she determined that there was no wrongdoing on the behalf of the subject officers.

ADA Francis stated that when she interviewed Ms. Glover, she was irate, used profanity, and was rude. ADA Francis stated that Ms. Glover never alleged that money was missing from the establishment during her interview.

I reviewed the arrest paperwork pertinent to this case. PO Larosa, the arresting officer, arrested Sonya Glover for Promoting Gambling and Criminal Nuisance. It should be noted that several other patrons of the nightclub were arrested, which included arrests for Criminal Possession of a Weapon and Loitering for the purpose of Gambling. The verifying supervisor was Sgt Starrantino.

I attempted to contact the arrested individuals for the purpose of interviewing them regarding the above allegations. However, I was unable to locate or contact the witnesses despite numerous attempts.

A PETS review was conducted to determine if currency was invoiced. After reviewing all invoices associated to this case, I am reporting that PCI# 4000087670 indicated that $2209 belonging to Sonya Glover was vouchered for "Forfeiture".

I reviewed the video footage which was provided by Ms. Glover's attorney to the Queens District Attorney Office of the Onyx Lounge on the incident date. The video, short in duration, appeared as if was recorded by a patron at the bar. Ms. Glover refused to release any video that may have been recorded buy security cameras inside the premise. The details are as follows: Sgt Starrantino was observed inside of the Lounge by the front entrance door looking at the lounge's permit. PO Leguernic is observed entering the nightclub and was seen interacting with Sgt Starrantino in front of the club. PO Leguernic remained in front of the club and appeared to be writing summonses for violations observed. Sgt Starrantino was observed walking out of camera view, while Ms. Glover was observed leaving the club prior to walking away from camera view. At no time were any police officers observed carrying money or a box which could contain money. No misconduct was observed from the video. No external street cameras or any other interior video was discovered or offered.

A review of the 911 calls were conducted and I verified that several 911 callers reported that the patrons of the Onyx Lounge were making loud noises, smoking marijuana and drinking in front of the location prompting the police response. The callers I was able to interview reiterated their original complaints.

IAB Intel was requested for the purpose of acquiring intelligence regarding this case and I am reporting that no intelligence was obtained to help this investigation.

CONFIDENTIAL

DEF 937

I also conferred with ADA Murphy, of the Queens County District Attorney's office. ADA Murphy was the attorney handling the arrest of Ms. Glover. ADA Murphy stated the criminal case against Ms. Glover was dismissed because the prosecution did not present the case in the required time, as it was assigned to three different attorneys.

I conferred with CCRB Investigator Macampora for the purpose of obtaining a disposition regarding the FADO allegation associated with this investigation. I am reporting that Investigator Macampora stated that his investigation was closed because Sonia Glover was uncooperative with the investigation. Investigator Macampora stated that neither Ms. Glover nor the subject officers were interviewed.

PG 206-13 Hearings were conducted on Sgt. Starrantino, PO Larosa, and PO Leguernic. During the PG Hearings the above officers stated that they were present at the club during the allegation. Each of the subject officers were asked if they removed and kept any currency or removed a cash box containing currency from the establishment. The subject officers all stated that they did not remove any money other than the money that was vouchered for forfeiture. They also denied having any knowledge of any missing money. A review of the officers' memo books revealed proper memo book entries pertaining to the 911 service call they responded to involving the Onyx lounge. During the subject officers' interviews that stated three (3) other members of the their Conditions Team also entered the premise and they identified the officers as Police Officer David Russo, Tax# 944960, Police Officer John DiNicola, Tax# 947690, and Police Officer Gregory Denk, Tax# 948013. The aforementioned officers were added to the log for Missing Property – From Premise but were not interviewed due to the fact that it would just elicit a denial.

### Findings:

**A) FORMER MOS – MISCONDUCT**     Log# 12-51751          (Former PO Glover)
Investigation into this matter revealed that former Police Officer Glover was arrested for Promoting Gambling inside of her nightclub. During the time of the arrest, former PO Glover was no longer an active member of this Department. Therefore, I recommend that allegation "A" as it pertains to former Police Officer Sonya Glover, Tax# 900057, be closed as **INFORMATION AND INTELLIGENCE.**

**B) MISSING PROPERTY-FROM PREMISE**   Log# 12-52002 (Sgt. Starrantino, PO Larosa, PO Leguernic, PO Russo, PO Denk, PO DeNicola)
Investigation into this allegation included multiple interviews of the 911 callers who reiterated their initial complaint of an overcrowded bar, public consumption of alcohol and marijuana use. The complainant was highly uncooperative from the beginning of this investigation. She refused to be interviewed by CCRB. The complainant was interviewed by the Queens District Attorney's Office, where she was belligerent and profane. However she never alleged that money was taken. Her only complaint to the Queens District Attorney was that officers entered her premise without a search warrant and also entered rooms marked "Employees Only". Therefore, I was unable to prove or disprove if the aforementioned members of the service removed a cash box containing $5900.00 USC from the Onyx Lounge. I recommend that allegation "B" as it pertains to Sergeant Matthew Starrantino, Tax# 929211, Police Officer Joseph LaRosa, Tax# 944104, Police Officer Brian Leguernic, Tax# 943474, Police Officer David Russo, Tax# 944960, Police Officer John DeNicola, Tax# 947690 and Police Officer Gregory Denk, Tax# 948013 be closed as **UNSUBSTANTIATED.**

4

CONFIDENTIAL                                                                                                   DEF 938